IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| FABIAN P. RODRIGUEZ, ) <br> ) <br>   Plaintiff, ) <br> ) <br> v. ) <br> ) <br> LEVI, RAY & SHOUP, INC., ) <br> ) <br>   Defendant. ) | CIVIL ACTION FILE NO. <br> _____ |

## COMPLAINT

Pursuant to Fed. R. Civ. P. 8, Plaintiff Fabian Rodriguez respectfully shows the Court the following:

Parties, Jurisdiction & Venue

1. Mr. Rodriguez is an individual and a resident of the State of Georgia who resides in this District and this Division. Mr. Rodriguez is a "consumer" under 15 U.S.C. § 1681a(c).

2. Defendant Levi, Ray & Shoup, Inc. is an Illinois corporation that is authorized to transact business in Georgia. LRS is subject to the jurisdiction of this Court and may be served with process by serving its registered agent, Corporation Service Company, at 40 Technology Parkway South, #300, Norcross, Georgia 30092.

3. The Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 because the claims asserted in this civil action arise under the laws of the United States, specifically the Fair Credit Reporting Act (the "FCRA"), 15 U.S.C. § 1681 *et seq.*

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2) and this Division pursuant to Local Rule 3.1B(1) and (3).

## Factual Background

5. Mr. Rodriguez is an information technology professional with over 20 years of industry experience as a software DevOps engineer.

6. In January 2021, Mr. Rodriguez applied for a position as a Help Desk Technician with Defendant.

7. On February 1, 2021, Defendant made an offer of employment to Mr. Rodriguez. Specifically, Defendant offered to hire Mr. Rodriguez as an employee with the title of Help Desk Technician and compensate Mr. Rodriguez at the rate of $32.50 per hour.

8. The offer of employment described in the preceding Paragraph was expressly contingent on Defendant's "review of [a] criminal background check" on Mr. Rodriguez.

9. Mr. Rodriguez accepted Defendant's offer of employment.

10. On February 1, 2021, Defendant retained Sterling Talent Solutions ("Sterling") to conduct a background check on Mr. Rodriguez. Sterling is a consumer reporting agency under 15 U.S.C. § 1681a(f).

11. On February 2, 2021, Mr. Rodriguez began the process of "onboarding" as an employee of Defendant. Among other things, he received a laptop computer to be used in the course of his employment and credentials allowing him to access Defendant's computer network.

12. On February 3, 2021, Sterling completed its background check on Mr. Rodriguez and sold it to Defendant. That background check was a consumer report under 15 U.S.C. § 1681a(d).

13. Shortly thereafter, one of Defendant's employees, Mr. Job Criger, contacted Mr. Rodriguez by telephone. During the ensuing conversation, Mr. Criger notified Mr. Rodriguez that he (Mr. Rodriguez) did not pass his background check, that his employment was being terminated immediately and that he (Mr. Rodriguez) should make immediate arrangements to return his company-issued laptop computer to Defendant.

14. Defendant's actions as described in the preceding Paragraph constituted adverse action against Mr. Rodriguez.

15. Prior to taking the adverse action against Mr. Rodriguez described in Paragraph 13 above, Defendant did not provide him with "pre-adverse action

notice" in compliance with 15 U.S.C. § 1681b(b)(3). Specifically, Defendant did not provide Mr. Rodriguez with a copy of the consumer report that Sterling had prepared, the statutorily required summary of rights under the FCRA, notice that Defendant may take adverse action against him, and Defendant did not wait at least five days before taking adverse action against Mr. Rodriguez.

16. Defendant had and has actual knowledge of its obligations under 15 U.S.C. § 1681b(b)(3), and its failure to comply with those obligations was negligent or, in the alternative, reckless and willful.

17. As a proximate result of Defendant's negligent and/or reckless and willful violations of the FCRA, Mr. Rodriguez has suffered actual damages, including without limitation, (i) the loss of employment with and compensation from Defendant, (ii) emotional distress such as anxiety, feelings of despair and hopelessness, humiliation, and embarrassment and (iii) an informational injury when he failed to timely receive the information specified in 15 U.S.C. § 1681b(b)(3).

Count 1 – Violation of 15 U.S.C. § 1681b(b)(3)

18. Defendant negligently or, in the alternative, recklessly and willfully violated 15 U.S.C. § 1681b(b)(3), as alleged in Paragraphs 13-16 above.

19. As a proximate result thereof, Mr. Rodriguez has suffered and is entitled to recover actual damages, as alleged in Paragraph 17 above, in an amount

to be proven at trial and as allowed by 15 U.S.C. § 1681n(a)(1)(A) or 15 U.S.C. § 1681o(a)(1).

20. In the alternative and as a result of Defendant's reckless and willful violation of 15 U.S.C. § 1681b(b)(3), Mr. Rodriguez is entitled to recover statutory damages in the amount of $1,000 as allowed by 15 U.S.C. § 1681n(a)(1)(A).

21. As a result of Defendant's reckless and willful violations of 15 U.S.C. § 1681b(b)(3), Mr. Rodriguez is entitled to recover punitive damages as allowed by 15 U.S.C. § 1681n(a)(2).

22. Mr. Rodriguez is also entitled to recover the costs of this action and his reasonable attorneys fees as allowed by 15 U.S.C. § 1681n(a)(3) or 15 U.S.C. § 1681o(a)(2).

WHEREFORE, Mr. Rodriguez respectfully prays that the Court:

1. Issue process to the Defendant;

2. Conduct a trial by jury of all claims asserted herein;

3. Enter judgment in favor of Mr. Rodriguez as consistent with the jury's verdict; and

4. Grant Mr. Rodriguez such other and further relief as it deems just and necessary.

This 26th day of February, 2021.

| | |
|---|---|
| **MCRAE BERTSCHI & COLE LLC** | */s/ Craig E. Bertschi* |
| 1872 Independence Square, Suite D | Craig E. Bertschi |
| Dunwoody, Georgia 30338 | Georgia Bar No. 055739 |
| | ceb@mcraebertschi.com |
| *Counsel for Plaintiff* | 678.999.1102 |
| | |
| | Charles J. Cole |
| | Georgia Bar No. 176704 |
| | cjc@mcraebertschi.com |
| | 678.999.1105 |